UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JAHNIA O. WILLIAMS | CIVIL ACTION |
| VERSUS | NO: 17-4634 |
| BP EXPLORATION & PRODUCTION, INC., ET AL. | SECTION: "A" (4) |

## ORDER

The following motions are before the Court: **Motion in Limine to Exclude the Causation Testimony of Plaintiff's Expert, Dr. Jerald Cook (Rec. Doc. 41)**; **Motion for Summary Judgment (Rec. Doc. 42),** both filed by the defendants, BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c., and joined by defendants Halliburton Energy Services, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Transocean Offshore Deepwater Drilling, Inc. (collectively "Defendants"). The plaintiff, Jahnia O. Williams, opposes the motions. The motions, submitted for consideration on June 8, 2022, are before the Court on the briefs without oral argument.

This is a B3 lawsuit that was allotted to this section from Judge Barbier's MDL 2179 pertaining to the Deepwater Horizon disaster that occurred in the Gulf of Mexico in 2010. The B3 pleading bundle includes personal injury claims due to oil or chemical exposure during the disaster response. *See In re Oil Spill by Oil Rig "Deepwater Horizon" in Gulf of Mexico, on April 20, 2010*, No. MDL 2179, 2021 WL 6055613, at *1 (E.D. La. Apr. 1, 2021). B3 plaintiffs either opted out of the Medical Settlement or were not members of the settlement class. *Id.* at *2 (discussing the Medical Benefits Class Action Settlement Agreement in MDL

1

2179).

The plaintiff in this B3 lawsuit, Jahnia O. Williams, was employed in the Deepwater Horizon oil spill response effort. Williams claims that exposure to crude oil and chemical dispersants (the former being released by the oil spill itself and the latter being used in the cleanup process) caused the following injuries: eye kin irritation, rash, abscess, pharyngitis and itchy eyes.. (Rec. Doc. 1-1 at 5).

From the inception of the severed B3 cases, it has been understood that to prevail "B3 plaintiffs must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the response." *In re Oil Spill by Oil Rig "Deepwater Horizon,"* 2021 WL 6055613, at *11. Because causation had proved to be *the* critical element in the BELO cases, it was predicted to be the "make-or-break" issue for many B3 cases as well. *Id.* (comparing and contrasting BELO cases and B3 cases). A B3 plaintiff must prove that the legal cause of the claimed injury or illness is exposure to oil or other chemicals used during the oil spill response. *Id.* The issue of causation will require an individualized inquiry. *Id.*

The plaintiff's burden with respect to causation in a toxic tort case involves proof of both general causation and specific causation. *See Knight v. Kirby Inland Marine, Inc.*, 482 F.3d 347, 351 (5th Cir. 2007). General causation is whether a substance is capable of causing a particular injury or condition in the general population. *Id.* at 351. Specific causation is whether a substance caused a particular individual's injury, *i.e.*, the plaintiff's injury. *Id.* (citing *Merrell Dow*

2

*Pharm., Inc. v. Havner*, 953 S.W.2d 706, 714 (Tex. 1997)). If the plaintiff's case fails at the first-step of producing admissible evidence as to general causation, then the issue of specific causation is rendered moot. *See id.* (citing *Miller v. Pfizer, Inc.*, 356 F.3d 1326, 1329 (10th Cir. 2004)).

Hundreds of B3 cases were reassigned from MDL 2179 to the judges of this district. It is beyond dispute that in each of those cases, the plaintiff must prove both general and specific causation as those concepts are defined above. The plaintiff's will-call witness list identifies one expert medical doctor, Jerald Cook, M.D., who is identified as an expert witness regarding "causation." (Rec. Doc. 39). Dr. Cook has produced a report dated March 14, 2022, entitled *Health Effects Among Deepwater Horizon Oil Spill Response and Cleanup Workers A Cause and Effect Analysis*. (Rec. Doc. 41-4). The report is not unique to this case—it has been described by another judge as "an omnibus, non-case specific general causation expert report that has been used by many B3 plaintiffs." *Backstrom v. BP Explor. & Prod., Inc.*, No. 17-3029, 2022 WL 2342390, at *1 (E.D. La. June 29, 2022) (Barbier, J.). Presumably, the plaintiff intends for Dr. Cook's testimony to establish both general causation and specific medical causation in this case.[1]

---

[1] Counsel for the plaintiff explains that given the number of BP Oil Spill worker cases being handled by his firm and the demanding pace at which the cases must be litigated due to the scheduling orders entered by the various judges in this district, it became necessary to devise a way to prove causation for the many B3 plaintiffs whose claims are for transient symptoms or temporary pain and suffering. Logistically and economically, it was simply not possible to issue individualized medical causation reports providing both general and specific causation opinions for so many cases in a compressed time frame. And for many of the cases involving transient or temporary symptoms, expert testimony as to specific causation would not be legally necessary. *See Stephens v. BP Explor. & Prod., Inc.*, No. 17-4294, 2022 WL 1642136 (E.D. La. May 24, 2022) (Barbier, J.) (explaining that expert testimony is not necessary when the relationship between the chemical and the injury is within a layperson's common knowledge and

The instant motion in limine pertains to the plaintiff's use of Dr. Cook's report, and the testimony that would derive from it at trial, as evidence of both general and specific causation. Movants seek to exclude Dr. Cook's opinions on various grounds including the principles espoused in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993). Defendants point out that two other judges in this district have evaluated Dr. Cook's medical causation report and have concluded that it should be excluded.[2]

If Dr. Cook's opinions are excluded from trial, then Defendants argue that their motion for summary judgment must be granted because the plaintiff will have no expert medical causation evidence, which would constitute a complete failure of proof on an essential element of the case. But even if the Court denies the motion in limine and allows Dr. Cook to testify at trial, Defendants contend that the report does not provide evidence of specific causation vis à vis this plaintiff, and the plaintiff has identified no other expert who would provide specific causation evidence.

This Court has carefully studied and considered the numerous decisions

---

understanding).

[2] Since the time that Defendants filed their motion in limine in this case, several other judges in this district have likewise reached the same conclusion as to Dr. Cook's report. It is the Court's understanding that Judge Africk was the first judge to grant a motion in limine directed at Dr. Cook's opinions in *Novelozo v. BP Explor. & Prod., Inc.*, No. 13-1033, 2022 WL 1460103 (E.D. La. May 9, 2022), and *Murphy v. BP Explor. & Prod., Inc.*, No. 13-1031, 2022 WL 1460093 (E.D. La. May 9, 2022). The Cook report that Judge Africk evaluated and rejected was dated December 14, 2021, and therefore was not the same report as the one at issue in this case. The plaintiff contends that Dr. Cook's March 14, 2022 report offered in this case is "substantially improved" over the one that Judge Africk criticized and rejected but even this version has been repeatedly excluded by the judges in this district who have ruled on motions in limine like the one currently before the Court. At this time the Court is not aware of any judge in this district that has found Dr. Cook's causation report to be admissible once challenged.

issued by the other judges of this district who have determined that Dr. Cook's opinions should be excluded. For the same reasons given by Judges Vance, Barbier, Morgan, and Ashe when they granted the defendants' motion in limine directed at the same version of Dr. Cook's report that was produced in this case, the Court GRANTS Defendants' motion in limine. *See, e.g., Grant v. BP Explor. & Prod. Inc.*, No. 17-4334, 2022 WL 2467682 (E.D. La. July 6, 2022) (Vance, J.); *Barkley v. BP Explor. & Prod. Inc.*, No. 13-995, 2022 WL 2342474 (E.D. La. June 29, 2022) (Barbier, J); *Harrison v. BP Explor. & Prod. Inc.*, No. 17-4346, 2022 WL 2390733 (E.D. La. July 1, 2022) (Morgan, J.); *Street v. BP Explor. & Prod. Inc.*, No. 17-3619, 2022 WL 1811144 (E.D. La. June 2, 2022) (Ashe, J.).

Consequently, Defendants' motion for summary judgment is likewise GRANTED.

Accordingly;

**IT IS ORDERED** that the **Motion in Limine to Exclude the Causation Testimony of Plaintiff's Expert, Dr. Jerald Cook (Rec. Doc. 41)** filed by the defendants, BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c., and joined by defendants Halliburton Energy Services, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and Transocean Offshore Deepwater Drilling, Inc. is **GRANTED**.

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 42)** filed by the defendants, BP Exploration & Production, Inc., BP America Production Company, and BP p.l.c., and joined by defendants Halliburton Energy Services, Inc., Transocean Deepwater, Inc., Transocean Holdings, LLC, and

Transocean Offshore Deepwater Drilling, Inc. is **GRANTED**. The plaintiff's claims are dismissed with prejudice.

July 14, 2022

_____
**Judge Jay C. Zainey**